THE PEOPLE OF PUERTO RICO, REPRESENTED BY THE COM-
MISSIONER OF THE INTERIOR, ORLANDO R. MÉNDEZ, Plain-
tiff and Appellee–Appellant, *v.* RAMONA MUÑOZ WIDOW
OF ALONSO, Defendant and Appellant–Appellee.

No. 9620. Argued June 2, 1948.—Decided July 8, 1948.

*Luis Negrón Fernández, Attorney General,* and *Nilita Vientós
Gastón* and *F. Navarro Mendía, Assistant Attorneys Gen-
eral,* for plaintiff-appellant. *Víctor Gutiérrez Franqui* and
*Carlos A. Vallecillo* for defendant-appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

This is a condemnation proceeding instituted by the
People of Puerto Rico, through the Commissioner of the Inte-
rior, against Ramona Muñoz widow of Alonso in order to
take a parcel of land of one thousand five hundred square
meters and two houses situated in Degetau Street of Baya-
món in order to devote them to the construction of the Insu-
lar Police Headquarters.

The plaintiff deposited in court the amount of $9,500 as
the just and fair compensation of the property, that is,
$7,500 for the lost of one thousand five hundred meters and
$1,200 and $800 for the two houses and at its request the
court entered an order vesting the People of Puerto Rico
with title over the property. The only question in issue
herein is the amount of just and fair compensation for the
property. The defendant alleges that the lot of one thou-

sand five hundred meters is worth $22,500 and the houses, $3,000 and $2,000, respectively, that is, a total of $27,500.

After a hearing on the merits the lower court rendered judgment declaring that the lot of 1,500 meters is worth $15,000 and the houses $2,000 and $1,500, respectively, that is, it ordered the plaintiff to pay to the defendant the total amount of $18,500, but since it had already deposited $9,500 it would only have to pay $9,000, plus interest at six per cent annually from the filing of the complaint.

Both parties appealed but the defendant-appellant filed a motion in this Court asking leave to abandon her appeal and it was so granted on November 29, 1947.

The only error assigned by the plaintiff in its brief is that the lower court erred in determining the aforesaid compensation on the evidence introduced.

Appellant maintains 1st., that the defendant did not offer any evidence as to the value of the lot inasmuch as Héctor J. Semidey and Víctor E. Laugier, civil engineers, who were called as experts, merely testified as to the value of both houses and the only testimony as to the lot was that of defendant's administrator, Ramón Muñoz Alonso, whose testimony "should be taken with caution" and of Attorney José F. Fournier which was controverted; 2nd., that the appraisal made of both houses is excessive and 3rd., that the testimony of defendant's experts, Pedro Costa Coll, a mechanical engineer, and Luis González, an architect, and the documentary evidence presented showed that the fair value of the property is $9,500 which was the sum deposited.

We agree with the appellant that engineers Semidey and Laugier only testified as to the market value of the houses without referring to the value of the lot of one thousand five hundred meters. The former testified that the houses were worth $3,030 and $2,400, respectively, and the latter assessed them at from $3,300 to $3,500 one and the other from $2,500 to $2,600. On the other hand plaintiff's experts appraised the houses at $1,200 and $800. The lower court,

as we have said, reached the conclusion that the fair value of the houses was $2,000 and $1,500, respectively. The evidence was contradictory. The Judge took a view of the houses and reported in detail the conditions thereof. He saw and heard the witnesses testify and in his opinion the value given to the houses by either ·party.was not its fair and just value and fixed the same in amounts which we do not consider excessive.

As to the value given by the court to the lot at the rate of $10 per square meter we do not agree with the plaintiff that the defendant did not present any evidence in support thereof. Although Semidey and Laugier merely testified as to the value of the houses, Ramón Muñoz Alonso, defendant's witness, testified that the just and fair value of the lot was $15 per square meter and Attorney Fournier, defendant's other witness, testified that besides practicing his profession he is engaged in the purchase and sale of lots and houses in Bayamón and that in the urban zone, near the Square, lots are being sold at the rate of from $12 to $15 a meter. On the other hand, the only witness for plaintiff who testified as to the value of the lot was Pedro Costa, who assessed it at $5 per square meter. Plaintiff also introduced documentary evidence to show the price at which other properties similar to defendant's had been sold on recent date. This documentary evidence shows the following:

Exhibit 1: that a one-story frame house, zinc roofed, with porch and concrete fence, on a lot of 218.332 square meters was sold on August 3, 1945 for $4,000.

Exhibit 2: that a one-story frame house, zinc roofed, on a lot of 328 square meters was sold on August 26, 1946, for $6,000.

Exhibit 3: that a reinforced concrete house, zinc roofed with two apartments and a wooden shed, on a lot of 556.80 square meters was sold on June 30, 1946, for $8,000.

If we compare the price for which the two properties described under Exhibits 1 and 2, *supra*, were sold with that

fixed by the court herein at the rate of $10 per square meter, we shall see that the lot in the first property would be worth $2,183.32 and the house $1,817 and in the second the lot would be $3,280 and the house $2,740, that is, that the court maintained the same proportion, more or less, in the value it gave to the lot and the houses object of condemnation in the instant case. As to the property described under Exhibit 3 it is rather difficult to make a comparison due to the fact that the house is of reinforced concrete and that there was also a wooden shed.

The evidence showed that defendant's property was within the urban zone of Bayamón, near the square, and contrary to the testimony of plaintiff's witnesses it is not only a residential section but commercial as well, [1] inasmuch as it was stated in the minutes of the view taken that there was a commercial establishment to the right of house number two and that said house "stood near a corner which has commercial establishments on either side."

Ordinarily in condemnation cases there is a marked difference between the value given by both parties to the same property. While plaintiff deposited $9,500 as its just and fair compensation the defendant demanded $27,500. After weighing the evidence and as a result of the view taken, the court fixed the amount of compensation at $18,500. The plaintiff has not convinced us that in so doing it committed manifest error and consequently in the light of *Housing Authority* v. *Hutton*, 60 P.R.R. 450 and *People* v. *Parkhurst Canning Co.*, 64 P.R.R. 542 and Rule 52 of Civil Procedure, the judgment is affirmed.

Mr. Justice De Jesús did not participate herein.

---

[1] See the citation of *Olson* v. *U. S.*, 292 U. S. 246, 253, which we copied on pages 509 and 510 in *People* v. *García*, 66 P.R.R. 478.